

**NUMBER 13-09-00063-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MICHAEL RAY CUELLAR,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 24th District Court
of DeWitt County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion Per Curiam**

Appellant, Michael Ray Cuellar, was convicted of driving while intoxicated. On June 20, 2008, appellant filed a notice of appeal by and through his attorney. The appellant failed to file a designation and make arrangement for preparation of the clerk's record. On October 1, 2009, this Court abated the appeal and ordered the trial court to determine whether appellant desired to prosecute this appeal.

The trial court held a hearing on October 22, 2009. Counsel for appellant appeared, but appellant did not appear because he was out of state. The trial court found that appellant did wish to prosecute the appeal and that no brief had been filed because appellant had only recently made financial arrangements with counsel. The trial court granted appellant's request to file an affidavit of indigence within a week of the hearing and recommended that an extension of the due date of the appellate record be ordered to January 29, 2010, assuming a finding of indigence. Upon receiving the trial court's findings and conclusions, this Court reinstated the case.

On December 14, 2009, counsel sent a letter to the Court indicating that he had mailed the affidavit of indigence for signature to appellant in North Dakota on more than one occasion and it had not been returned. Counsel had attempted to contact appellant, but his phone numbers had been changed or disconnected.

On December 18, 2009, the trial court supplemented its findings and conclusions, stating that an indigence application had never been received and recommended that the appeal be dismissed because appellant and counsel have effectively abandoned the appeal.

Based upon the recommendations of the trial court that appellant has abandoned his appeal, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in this case. *See* TEX. R. APP. P. 2. Accordingly, we dismiss the appeal.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of January, 2010.

2